# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | |
| | ) | |
| ERIC M. ZAHARCHUK, Personal | ) | |
| Representative of the Estate of | ) | C.A. No.: N22C-05-172 ASB |
| JAMES BLAIR PEACOCK, Deceased, | ) | |
| and CONSTANCE PEACOCK, | ) | |
| Wife of the Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BW/IP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 27, 2025
Decided: March 3, 2025

## *Amended* OPINION AND ORDER ON DEFENDANT HENNESSY INDUSTRIES LLC'S MOTION FOR SUMMARY JUDGMENT

### DENIED

*Michael C. Dalton, Esquire,* Dalton & Associates, P.A., Wilmington, Delaware, and *Michael Collins Smith, Esquire,* Balick & Balick, LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

*Brian Tome, Esquire*, Reilly, McDevitt & Henrich, PC,  Wilmington, Delaware, *Attorneys for Hennessy Industries, LLC.*

**JONES, J.**

1

This asbestos case is controlled by Maine substantive law. It is alleged that James Peacock ("Peacock") was exposed to asbestos from a number of sources as a result of his work over a career as an automotive mechanic. It is further alleged that as a result of his asbestos exposure, Peacock contracted and died from asbestos-caused lung cancer.

Hennessy Industries, LLC ("Hennessy") is being sued in its capacity as the predecessor-in-interest to AMMCO Tools, Inc. ("AMMCO"). AMMCO manufactured brake lathes and grinders, among other products. There is record evidence that Peacock worked with AMMCO equipment while employed at Ron's Garage in Maine from 1973 to 1978.

The AMMCO equipment that Peacock worked with did not contain asbestos. The theory of liability against AMMCO is that it designed and sold a machine whose function was to grind asbestos containing brake linings and that the machine released asbestos dust when applied to the linings.

Hennessy has moved for summary judgment. The basis for Hennessy's Motion is that it owed no duty under Maine law to the Plaintiff as a result of any exposure to asbestos resulting from the use of the AAMCO brake grinding machine.

2

In *Estrada*,[1] this Court was tasked with addressing this same argument in interpreting Ohio law. In *Estrada*, this Court reached a conclusion, notwithstanding the applicability of the bare metal defense in Ohio, that Ohio would follow the exception to the bare metal defense as outlined by the California Courts in *Tellez-Cordova*.[2] The exception to the bare metal defense as outlined in *Tellez-Cordova* is that a duty is owed where (1) the manufacturer's product is necessarily used in conjunction with another product; and (2) the danger results from the use of the two products together. While both parties cite the court to various Maine cases that they suggest support their position on the instant duty question, none of the cases really address the issue. This Court is left with the task, as it was in *Estrada*, of predicting how Maine will come out on the issue.

The Court believes that Maine courts would recognize that AMMCO owed a duty to the plaintiffs. The leading bare metal case in Maine is *Rumery v. Garlock Sealing Technologies, Inc.*[3] In *Rumery*, Maine relied on the reasoning of the State of Washington decisions in support of the application of the bare metal defense.[4] Washington courts have subsequently carved out an explicit exception to that reasoning finding that AMMCO did have a duty to warn of the danger of the asbestos exposure inherent in the use and maintenance of the

---

[1] *Estrada, et. al. v. American Honda Motor Co., Inc., et al.* (*In Re: Asbestos Litigation Lisa Estrada), 293 A.3d 154 (Del. Super. Ct. 2023).
[2] *Tellez-Cordova v. Campbell-Hausfeld, et. al.,* 129 Cal. App. 4th 577 (Cal. Ct. App. 2004).
[3] 2009 WL 1747857 (Me. Super. Ct. Apr. 24, 2009).
[4] *Id.*

3

defendant's own products.[5]  It is the marriage of the arc grinder and brakes containing asbestos that raises a question of material fact as to whether the arc grinder itself created a hazard without fair warning.

Hennessy maintains that the *Macias* decision is not as broad as plaintiff's argument and does not stand for the proposition that Washington would recognize that Hennessy had a duty to Plaintiff for the arc grinder.  Plaintiff maintains that *Macias* is on point and should be followed by this Court.  These same arguments were raised by the parties in the *Droz v. Hennessy* matter which involved application to Washington law.  In a verbal opinion on summary judgment, Judge Rennie ruled that Hennessey had a duty under Washington law.[6] This Court chooses to follow the ruling of Judge Rennie.

As the Maine bare metal defense is based on Washington jurisprudence, and Washington jurisprudence recognizes a duty to warn in the case of AAMCO, then so would Maine jurisprudence.  Hennessy's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

/s/ Francis J. Jones, Jr.

Francis J. Jones, Jr.

*Via: File & ServeXpress*

---

[5] *Macias v. Saerhagen Holdings,* 282 P.2d 1069, 1072 (Wash. 2008).
[6] See Transcript of Judge Rennie's Oral Opinion, *Droz v. Hennessy Indus., LLC et al.*, N19C-06-024 (Del. Super. April 27, 2022).